UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

YOUSEF H.,

Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security, Department of Homeland Security, in her official capacity*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, in his official capacity*; DAVID EASTERWOOD, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; SAMUEL J. OLSON, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; and JOEL BROTT, *Sheriff of Sherburne County Jail, Minnesota, custodian of detainees of the Sherburne County Jail*,

Respondents.

Case No. 26-cv-716 (LMP/DJF)

**ORDER GRANTING HABEAS PETITION**

---

Evangeline Surya Ester Dhawan-Maloney, **Robichaud, Schroepfer & Correia, PA, Minneapolis, MN**, for Petitioner.

Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

Petitioner Yousef H. is a citizen of Somalia who entered the United States on October 17, 2024. ECF No. 1 ¶ 1. He was arrested by immigration officers on December 4, 2025, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 4–5. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 4. Yousef H. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 7.

Yousef H. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a). *See generally* ECF No. 1. The Court ordered the Government to answer the petition no later than January 29, 2026. ECF No. 3. The Government timely responded, arguing that Yousef H. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 5; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government candidly admits that there is no material distinction between this case and those cases. ECF No. 5 at 1. Accordingly, the Court adopts the same

reasoning here and concludes that Yousef H. is entitled to a bond hearing under Section 1226(a).[2]

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Yousef H.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Yousef H. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is **ORDERED** to provide Yousef H. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than February 6, 2026.

    c. If the Government does not provide Yousef H. with a bond redetermination hearing by February 6, 2026, as required by this Order, the Government is **ORDERED** to release Yousef H. from detention immediately.

    d. No later than February 9, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond

---

[2] The Court allowed Yousef H. to file a reply brief no later than February 2, 2026. ECF No. 3. But the Government's response plainly demonstrates that Yousef H. is entitled to relief. Finding no just cause for delay, the Court enters this Order now.

hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Yousef H.'s release.[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 30, 2026               *s/Laura M. Provinzino*
                                      Laura M. Provinzino
                                      United States District Judge

---

[3]   Yousef H. sought several other forms of relief in his habeas petition. To the extent that Yousef H. seeks immediate release from custody, ECF No. 1 at 17, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5. And the Court need not adjudicate Yousef H.'s APA and constitutional claims, ECF No. 1 ¶¶ 49–56, 60–62, given that the Court has ruled for him on his statutory claim. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).